**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE MABRY,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03165-SHL-jay |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REVERSING AND REMANDING DECISION OF THE COMMISSIONER**

Before the Court is United States Magistrate Judge Jon A. York's Report and Recommendation ("R&R"), filed August 10, 2026, on Plaintiff Jacqueline Mabry's Complaint. (ECF No. 18.) Mabry appeals a final decision of the Commissioner of Social Security denying her application for Title II disability insurance benefits and Title XVI supplemental security income. (Id. at PageID 4764.)

In the R&R, Judge York recommends that the decision of the Commissioner as to Mabry's Residual Functional Capacity ("RFC") be reversed and remanded because it is not supported by substantial evidence in the record. (ECF No. 18 at PageID 4770.)

The Magistrate Judge first reasons that the Administrative Law Judge ("ALJ") presiding over Mabry's social security proceedings improperly dismissed record evidence that directly contradicts the finding that Mabry could perform light work. Specifically, multiple pieces of evidence show that Mabry tended to "underreport her symptoms" and had relatively few "subjective complaints" about her cardiac issues, which were, indeed, frequent and serious. (Id. at PageID 4773.) Further, "the ALJ's characterization of Plaintiff's daily activities is inconsistent and does not provide support for the RFC finding." (Id. at PageID 4774.) For

instance, the ALJ found that Plaintiff regularly engaged in driving, shopping, attending church, and household chores, but evidence showed that these activities in fact triggered her symptoms, including blackouts, becoming lightheaded, falling, atrial fibrillation, and shortness of breath. (Id. at PageID 4774–75.) Therefore, the conclusion that Plaintiff could not perform light work is "well supported and contrary to the ALJ's RFC finding." (Id. at PageID 4775–76.)

Second, Judge York reasons that the ALJ relied on medical evidence that is not relevant or reliable as to Mabry's cardiac issues. (Id. at PageID 4776.) The evidence includes an incomplete, inconsistent medical source statement form that contains checked boxes for some of Mabry's symptoms and does not "further" explain its finding. (Id. at PageID 4777.) In addition, the ALJ relied on two state agency doctors' findings, which stated that Mabry engaged in "frequent work activity" and could "frequently" lift objects up to twenty and ten pounds. (Id. at PageID 4778.) Judge York finds those conclusions contrary to the objective evidence in the record.

Ultimately, Judge York concludes that the "ALJ failed to build a logical bridge between the cardiac evidence in this case and the ability to sustain full-time work by either including endurance-related limitations or explaining why none were necessary. That omission violates SSR 96-8p and prevents meaningful judicial review." (Id. at PageID 4779.) Based on these findings, Judge York recommends reversal and remand for the ALJ to conduct de novo review of the record, gather more evidence if needed, and conduct another hearing. (Id. at PageID 4780.)

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for a disposition. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28

U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Because no objections have been filed, the Court reviews the R&R in its entirety for clear error and finds none. Therefore, the Court **ADOPTS** the R&R and **REVERSES** and **REMANDS** the decision of the Commissioner.

**IT IS SO ORDERED,** this 3rd day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE